# Mower *v.* Shannon.

### *Assumpsit.*

(Decided April 11, 1912. Rehearing denied June 29, 1912. 59 South. 568.)

1. *Appeal and Error; Review; Finding of Court; Presumption.*— Where a cause is tried by the court without the intervention of a jury, the finding of the court has the same presumption of verity as that accorded to a verdict of the jury.

2. *New Trial; Grounds; Excessive Verdict.*—Although the cause is tried by the court without intervention of the jury, a new trial should be awarded where there is no evidence supporting a recovery in anything like the amount awarded as damages by the court.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by J. S. Shannon against Calvin R. Mower to recover broker's commission for the sale of real estate. There was judgment for plaintiff in the sum of $9,500, and the court having declined to set aside the verdict

and grant a new trial, defendant appeals. Reversed and remanded.

WILLIAM H. SMITH, and JOHN C. FORNEY, for appellant. Diligence on the part of the principal is not required to be exercised to discover bad faith in the agent, as the agent must show clean hands and the utmost good faith in order to recover against a principal. *Adams v. Robinson,* 65 Ala. 585. Shannon was either an agent to get contracts in his own name and that was all his duty, or he was a seller of land which he owned by virtue of owning contracts to purchase, and should not be paid for tax title that had never been made into an absolute fee simple title, unless in demanding his commission he told Moore that the contracts were founded on tax title, and Moore took them with such knowledge.—*Flinn v. Barbour,* 64 Ala. 193; *Thompson's Case,* 86 Ala. 150. An agent is liable to his principal for violating instructions.—1 Cyc. 1071; 1 Parsons on Contracts, 92. Counsel contend that under the evidence the verdict was largely excessive and that although rendered by the court without the intervention of the jury, the same is manifestly erroneous, and the court should have awarded the defendant a new trial.

GEORGE W. HUDDLESON, and JOHN H. BANKHEAD, JR., for appellee. The court will not reverse the judgment of the court finding on the facts nor review the same unless it is manifestly and grossly erroneous.—*Randall v. Wadsworth,* 130 Ala. 633; *Cobb v. Malone,* 92 Ala. 630; *Jones v. Tucker,* 132 Ala. 305. The finding on the facts by the court has the same presumptive verity as the verdict of the jury, and will not be reviewed by an appellate court.—*Milner v. State,* 150 Ala. 95; *Mayhall v. State,* 146 Ala. 124; *Ala. Mid. v. Brown,* 129 Ala.

[Mower v. Shannon.]

282; *Central Ry. v. White,* 56 South. 574.　No diligence was exercised as to newly discovered evidence.—*C. of Ga. v. Geopp,* 153 Ala. 109.; *McLeod v. Shelby Co.,* 108 Ala. 81; *Hoskins v. Hite,* 95 Ala. 284.

MAYFIELD, J.—No count of the complaint was subject to any ground of demurrer interposed, though we do not say that all such counts were invulnerable against demurrer, if proper grounds had been assigned. Moreover, count 4 appears to have been amended after the demurrer was interposed; and no demurrer appears to have been directed against this count after such amendment.

The evidence in this case has been carefully examined, that on the main trial, as well as that on the motion for a new trial; and, though the case was tried by the court without a jury, and the facts were therefore determined by the court, as well as the law, and though we be required to accord to the court's finding as to the facts the same presumption of verity that is due to the verdict of a jury, yet we are of the opinion that the trial court should have granted a new trial, on appellant's motion.

Though the plaintiff be entitled to recover something, it does not appear from the evidence, either on the main trial, or on the motion for a new trial, that he is entitled to recover anything like the amount awarded by the court; and, while we are loath to disturb judgments of lower courts on verdicts of juries, or on findings of fact by the court, in our opinion the judgment appealed from is unjust, and should not be allowed to stand.　It is therefore reversed, and the cause remanded for a new trial.

Reversed and remanded.　All the Justices concur.